IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARTIN BARTHOLOMEW MOSS, SR., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-cv-670-ECM |
| | ) | (WO) |
| SABRINA L. MCKINNEY, | ) | |
| | ) | |
| Appellee. | ) | |

**MEMORANDUM OPINION**

**I.   INTRODUCTION**

This appeal is from an August 9, 2021, Order Dismissing Bankruptcy Case (doc. 9-6) and an October 6, 2021 Order denying a motion to reinstate case (doc. 9-10) entered in a bankruptcy proceeding in the United States Bankruptcy Court for the Middle District of Alabama (the "bankruptcy court").

For the reasons discussed below, this Court concludes that the appeal is due to be dismissed.

**II.   JURISDICTION AND STANDARD OF REVIEW**

This Court has appellate jurisdiction over this appeal from a final judgment of the bankruptcy court pursuant to 28 U.S.C. §158(a).

In an appeal of a bankruptcy court decision, the district court sits as an appellate court. *Williams v. EMC Mortg. Corp. (In re Williams)*, 216 F.3d 1295, 1296 (11th Cir. 2000). The district court reviews the bankruptcy court's findings of fact under the clearly erroneous standard and conclusions of law under the *de novo* standard of review. *In re*

*Piazza*, 719 F.3d 1253, 1260 (11th Cir. 2013). "The court may affirm the bankruptcy court's judgment 'on any ground that appears in the record, whether or not that ground was relied upon or even considered by the court below.'" *Perry v. United States*, 500 B.R. 796, 798 (M.D. Ala. 2013) (Watkins, J.) (quoting *Thomas v. Cooper Lighting, Inc*., 506 F.3d 1361, 1364 (11th Cir. 2007)).

### III.   FACTUAL AND PROCEDURAL HISTORY

Appellant Martin Moss, Sr. ("Moss") filed a *pro se* petition for Chapter 13 bankruptcy protection on April 15, 2019. (Doc. 1-3). On August 9, 2021, the Bankruptcy Judge dismissed the petition because Moss was in default of payments under his confirmed Chapter 13 plan. (Doc. 9-6). On October 6, 2021, after a hearing, the Court denied Moss's motion to vacate the dismissal and declined to reinstate his case. (Doc. 9-10).

On October 7, 2021, Moss filed a *pro se* appeal of the denial of his motion to vacate the dismissal and motion to reinstate his bankruptcy petition in this Court. (Doc. 1).

Thereafter, on October 26, 2021, the Appellee/Trustee Sabrina McKinney ("Trustee") filed a motion to dismiss asserting that Moss had failed to file and serve his designation of the record on appeal, representation statement, and disclosure statement. (Doc. 4). Moss filed a response to the motion to dismiss wherein he attached as exhibits, his designation of the record (doc. 7-1) and statement of issues (doc. 7-2).

On November 30, 2021, the Bankruptcy Court transmitted the record on appeal. (Doc. 9).

2

On March 3, 2022, Moss filed a motion to stay to prevent a creditor from foreclosing on his home.[1] (Doc. 10).

On March 14, 2022, Moss filed a new bankruptcy petition to prevent the foreclosure sale of his home. *See In re Moss*, 22-30453-CLH (Bankr. M.D. Ala. 2022). The filing of the new bankruptcy petition operated as an automatic stay of this action pursuant to 11 U.S.C. § 362(a).

Although the Trustee acknowledged that the automatic stay applied in this case, on March 15, 2022, she filed a renewed motion to dismiss based on Moss's failure to file a brief in accordance with Fed. R. Bankr. P. 8018(a). (Doc. 11).

On November 17, 2022, the Bankruptcy court confirmed Moss's Chapter 13 plan. *In re Moss*, 22-30453-CLH (Bankr. M.D. Ala. Nov. 17, 2022) (Docs. 81 and 82).

### IV. DISCUSSION

#### A. *Failure to Comply with Bankruptcy Rules*

In a bankruptcy appeal to the district court, the Appellant has thirty days to file a brief "after the docketing of notice that the record has been transmitted or is available electronically." Fed. R. Bankr. P. 8018(a)(1). The Bankruptcy Clerk transmitted the record on appeal on November 30, 2021. (Doc. 9). Pursuant to Rule 8018(a)(1), Moss had until December 30, 2021, to timely file his brief, but he failed to do so. On March 15, 2022, the Trustee filed a renewed motion to dismiss asserting that Moss had failed to

---

[1] On March 2, 2022, the Bankruptcy Court denied the motion to stay that had been filed in that court on February 7, 2022. (Doc. 10-1).

prosecute this appeal for failing to file his brief in accordance with the bankruptcy rules. (Doc. 11). According to the Trustee, Moss abandoned this appeal. On March 17, 2022, Moss filed a response to the motion to dismiss (doc. 12) in which he asserted he "was waiting for a notice from this Court to submit a brief." (*Id*. at 1, para. 1).

Under the rules, "[t]he appellant must serve and file a brief within 30 days after docketing of notice that the record has been transmitted or is available electronically." Fed. R. Bankr. P. 8018(a)(1)) (alteration added). The failure to file a brief is "'a non-jurisdictional defect in the prosecution of [an] appeal,' and such defect does not require dismissal in every case." *In re Beverly Mfg. Corp.*, 778 F.2d 666, 667 (11th Cir. 1985) (alteration in original). The Court looks to whether there is "bad faith, negligence or indifference" to determine whether dismissal is appropriate for failure to file a brief. *Id.*; *see also, In re Mohorne*, 718 F. App'x 934, 935 (11th Cir. 2018) (recognizing a "flexible standard requiring bad faith, negligence or indifference" before dismissal).

Moss was obligated under the rules to file his brief in a timely manner, and lack of a briefing order from this Court does not excuse his failure to follow the rules. To the extent that Moss's response to the renewed motion to dismiss could be construed as his brief in support of his appeal, it is untimely. At no time did Moss request an extension of time to file his brief, nor did he file a motion to file a brief out of time. To date, Moss has not filed a brief in support of his appeal.

In his response to the renewed motion to dismiss, Moss appears to argue his appeal

should not be dismissed because the Trustee "has not attempted to work with [him] who had the ability to bring his account current." (Doc. 15 at 3) (alteration added). Moss does not, however, point to anything beyond his control that prevented him from filing his brief in a timely manner. *See In re South Atlantic Fin. Corp.*, 767 F.2d 814, 817-18 (11th Cir. 1985) (collecting cases discussing excusable neglect).

While Moss took some steps beyond the mere filing of his appeal, he has shown a disregard for deadlines, and a consistent inability to follow the Bankruptcy Rules. He did not file his designation of the record, statement of issues or disclosure statement in a timely manner in accordance with the rules. It was not until the Trustee filed a motion to dismiss did Moss attach as exhibits his designation of the record and statement of the issues to his response to the motion to dismiss. He has not properly filed his brief in a timely manner. He failed to request an extension of time within the period prescribed by the rules to do so. Notably, his failure to properly file a motion to file his brief out of time persists. He does not make an adequate showing that his failure to timely file his brief or a motion requesting an extension of time was due to excusable neglect.

While the Court is required to liberally construe the pleadings of a *pro se* litigant, Moss's *pro se* status "does not excuse [him] from [his] duty to abide by procedural rules." *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). The Court is not persuaded that, under the facts of this case, Moss acted with due care to comply with the applicable rules. To the contrary, under the

circumstances of this case, the Court concludes that the Appellant has demonstrated either negligence or indifference, or both. *See In re Brewer*, 442 F. App'x 430, 435 (11th Cir. 2011); *Lawrence v. Educational Credit Mgmt. Corp.*, 522 F. App'x 836, 839-40 (11th Cir. 2013). Thus, Moss's appeal is due to be dismissed for his failure to file his brief in accordance with the bankruptcy rules and to otherwise prosecute this appeal.

    B.  *Equitable Mootness*

More importantly, however, Moss's appeal is also due to be dismissed because it is now equitably moot.

"Generally speaking, the doctrine of equitable mootness "permits courts sitting in bankruptcy appeals to dismiss challenges (typically to confirmation plans) when effective relief would be impossible." *Bennett v. Jefferson Cnty., Alabama*, 899 F.3d 1240, 1242 (11th Cir. 2019) (quoting *Ullrich v. Welt (In re Nica Holdings, Inc.)*, 810 F.3d 781, 786 (11th Cir. 2015)). The doctrine applies in cases involving Chapter 13 bankruptcy petitions. *See In re Hazen*, 10 F.4th 1244, 1252 (11th Cir. 2021); *Hope v. Gen. Fin. Corp. of Ga. (In re Kahihikolo)*, 807 F.2d 1540, 1542-43 (11th Cir. 1987).

> Central to a finding of mootness is a determination by an appellate court that it cannot grant effective judicial relief. Put another way, the court must determine whether the "reorganization plan has been so substantially consummated that effective relief is no longer available." *Miami Center Ltd. Partnership v. Bank of New York,* 820 F.2d 376, 379 (11th Cir. 1987).

*In re Club Associates*, 956 F.2d 1065, 1069 (11th Cir. 1992).

When determining whether to apply the doctrine of equitable mootness, the Court "considers a variety of concerns affecting the balance of equities, including whether a stay pending appeal has been obtained and if not, why not; whether the plan has been "substantially consummated;" what relief is sought; and what the effect of granting such relief would be." *In re Ferguson*, 683 F. App'x 924, 926 (11th Cir. 2017) (quoting *In re Club Assocs.*, 956 F.2d at 1069, n.11).[2]

As an initial matter, Moss did not file a motion to stay in bankruptcy court or this court until months after he filed his appeal. Thereafter, Moss filed a new bankruptcy petition that invoked the automatic stay in this case. The plan has been substantially consummated in that Moss has gotten the relief he sought—confirmation of his Chapter 13 plan in his latest bankruptcy petition. Moss sought in this appeal to have his bankruptcy petition reinstated but by filing a new petition, Moss has received the relief he sought which is confirmation of his Chapter 13 plan.

On January 1, 2023, the Court ordered the parties to show cause why this appeal should not be dismissed as moot in light of the confirmation of Moss's chapter 13 plan. (Doc. 17). In response to the Court's order, Moss reiterates his claim that his appeal should not be dismissed but he fails to demonstrate how the Court could grant him any relief at this juncture.

---

[2] While the Court recognizes that *In re Ferguson*, 683 F. App'x 924 (11th Cir. 2017) is an unpublished opinion, the Court finds its analysis to be persuasive, particularly in light of its discussion of equitable mootness.

For these reasons, the Court concludes that this appeal is equitably moot. "Equitable mootness is a prudential doctrine that is invoked to avoid disturbing a reorganization plan once implemented." *In re Metromedia Fiber Network, Inc.*, 416 F.3d 136, 144 (2nd Cir. 2005).

## VI. CONCLUSION

Accordingly, for the reasons as stated and for good cause, it is

ORDERED that this appeal is DISMISSED as moot.  It is further

ORDERED that all pending motions are DENIED as moot.

A separate final judgment will be entered.

Done this 2nd day of February, 2023.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE